**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SHANE O'ROURKE, | Case No. 2:14-cv-448-APG-GWF |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE** |
| STATE OF CALIFORNIA, STEPHEN B. SEFTON, JAC A. CRAWFORD, J. LABARBERA, AND MARTIN J. TANGEMAN, | |
| Defendants. | |

On October 29, 2014, plaintiff Shane O'Rourke was advised by the court (Dkt. #7) that this action would be dismissed without prejudice unless on or before November 28, 2014 he either filed proper proof of service as to defendants State of California, Stephen B. Sefton, Jac A. Crawford, J. Labarbera, and Martin J. Tangeman, or showed good cause why service was not timely made.

Under FRCP 4(c)(2), a party to the action or a person under the age of 18 may not serve a summons and a complaint. O'Rourke presents no evidence of who served the summons and complaint. On the Proof of Service forms as to each defendant, the lines requesting the name of the server, the server's signature, and the server's address are blank. (Dkt. #8.) It appears he attempted service by mail, which is improper. (*Id.*) In other words, O'Rourke has failed to file proper proof of service. Nor has he shown why this action should not be dismissed for failure to effect timely service pursuant to FRCP 4(m).

Even if O'Rourke were to show good service or good cause for failure to timely serve, his claim would not succeed. His civil rights claim for monetary damages against California is

barred by sovereign immunity, which prohibits a state from being sued in federal court by a citizen of another state on the mere ground that the case is one arising under the constitution or laws of the United States. *Hans v. Louisiana*, 134 U.S. 1, 10, (1890).  His civil rights suit against the four state judicial officers in their official capacities for monetary damages is barred by judicial immunity, which holds that "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  Judicial immunity does not extend, however, to actions for prospective injunctive relief.  But because trial proceedings for O'Rourke have concluded, the equitable relief sought is no longer be available (Dkt. #5).

If O'Rourke is suing the state judicial officers in their individual capacities, his suit likely is barred in this district for lack of personal jurisdiction over the defendants.  O'Rourke would need to show proper jurisdiction through the three-part test set forth in *Schwarzenegger*: "(1) the nonresident defendant must . . . perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004).  It appears doubtful that O'Rourke could show that I can exercise proper jurisdiction over the defendants.  O'Rourke's complaint provides no indication defendants purposefully availed themselves of the benefits of business within Nevada.  Nor does O'Rourke's claim arise out of or relate to the defendant's forum-related activities (if any).  Instead, it appears the actions (and the alleged injury) occurred solely in California. (Dkt. #5).  Lastly, the defendants' conduct

in a California court would not cause them to reasonably anticipate being haled into court in Nevada. (Dkt. #6).

IT IS THEREFORE ORDERED that this action is DISMISSED for petitioner's failure to file proper proof of service or show good cause why service was not timely made. The clerk of the court shall enter judgment accordingly.

DATED this 8th day of July, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE